*Law Offices of Heather J. Mattes*
105 South High Street, Suite 2A
West Chester, Pennsylvania  19382
Telephone: (610) 431-7900
Attorney Identification: 42364
BY: Heather J. Mattes

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| **V.** | : | **CRIMINAL NO. 13-191-1** |
| CORI MERKLINGER | : | |

### DEFENDANT'S SECOND SUPPLEMENTARY SENTENCING MEMORANDUM WITH REFERENCE TO GROUPING UNDER Ch. 3, Pt. D., MULTIPLE COUNTS

### I. INTRODUCTION AND BRIEF PROCEDURAL HISTORY

Cori Justin Merklinger is before this Honorable Court for sentencing. At Cori Merklinger's the second sentencing hearing held June 16, 2015, the court overruled defense counsel's objection to the application of the five (5) level enhancement[1] for engaging in a pattern of activity sought by the government in its supplemental memorandum. Defense counsel objected to basing the pattern of activity enhancement on the production offenses in her prior Memorandum.[2] After argument, the Court overruled the objection, and upon the Grouping issue being raised again, memoranda were ordered and are due July 7, 2015.

The defense agrees with the Government's calculation of Counts 1-4 is **40**. Count 5's Adjusted Total Offense level in light of the Court's prior rulings is **42**.

---

[1] USSG 2G2.2(b)(5).
[2] *The Defense Memorandum with Reference to USSG § 2G2.2(C) and Amended Guideline Calculation* filed May 13, 2015 explained by analogy why the Pattern of Activity enhancement should not be applied in this case (pages 2-4) and directly (pages 4-7) and raised the grouping issue applying the enhancement creates.

**II**. **The Pattern of Activity Enhancement and Grouping**:

On June 16, 2015, the government specified Counts 1-4 of the Indictment were the predicates for the five (5) level Pattern of Activity enhancement to Count 5. The court overruled defense objections, agreed with the government and held Counts 1-4 provided a basis for a pattern of activity enhancement to Count 5 under USSG 2G2.2(b)(5). Doing so increased the advisory sentencing guideline range for Count 5 by 12½ years at the low end and from 262 months to life at the high end of the guideline. When the grouping issue was raised a second time, the Government suggested the Court group a single Production Count with the Distribution Count to satisfy the enhancement. In its Second Supplemental Sentencing Memorandum, the government adopts a third approach encouraging the court to apply conduct mentioned in paragraph 26 of the Presentence Report as a predicate for the enhancement with Count 3 (Group 2).

<u>A Pattern Requires Two or More Instances</u>.

Under the expanded relevant conduct provisions of the PROTECT Act as embodied in §2 G2.2(b)(5), a pattern of activity involving the sexual abuse or exploitation of a minor "means any combination of *two or more* separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct."[3] (Emphasis added). Therefore, at least two instances of such conduct must be established to apply the enhancement. See, *United States v. Broxmeyer*, 699 F.3d 264, 285: "separate means the two occasions must be separate from each other, not that the two occasions must be separate from (and in addition to) the crime of conviction."

---

[3] USSG § 2G2.2 Cmt. n.1.

In determining how to group all the counts in light of the Court's ruling, USSG §3D1.2 (C) directs the process and defines the applicable terms:

> All counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm *within the meaning of this rule*:
>
>> (c) When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts. (Emphasis added)

The Guideline is unambiguous.[4] This Honorable Court ruled in favor of the government's contention the five-level enhancement applies to Count 5 under based on Counts 1-4 as a pattern of activity. The government seems to argue both that Counts 1-4 are relevant conduct and therefore applicable to the enhancement of Count 5 while at the same time maintaining the Counts are "unrelated" to Count 5 for grouping.[5] Aside from the plain language of USSG §3D1.2, the Court held Counts 1-4 may be used to enhance Count 5 presumably because it found they refer to and address the same societal evil of producing child pornography. If, as urged by the government, one or more of Counts 1-4 are used to enhance the Count (5) as "a pattern of activity involving child exploitation," they are sufficiently closely related to be grouped with the Count they enhance.

The government concedes, as it must, citing *United States v. Runyan*, 290 F.3d 223, 251 (5th Cir. 2002), that if the Production Counts enhance the Distribution Count they must be grouped to avoid double counting. As urged by the government on June 16 and held by the court on the record, the Counts would therefore group as follows:

---

[4] As is the Application note: USSG § 3D1.2 Cmt. n.1: "Subsections (a)-(d) set forth circumstances in which counts are to be grouped together into a single Group. Counts are to be grouped together into a single Group if any one or more of the subsections provide for such grouping."

[5] *United States v. Keffler*, 101 Fed. Appx. 673, (9th Cir. 2003) involved the district court's refusal to group Transportation of child pornography with the Production Count. The defendant did not preserve the objection, and the Ninth Circuit found the counts did not "do not involve substantially identical offense conduct" which is not the applicable standard.

| | |
|---|---|
| Group 1 (Counts 1 and 2): | 40 not counted pursuant to §3D1.2(c) |
| Group 2 (Count 3): | 40 not counted pursuant to §3D1.2(c) |
| Group 3 (Count 4): | 40 not counted pursuant to §3D1.2(c) |
| Group 4 (Count 5) | **42** |
| | -2 |
| | <u>-1</u> |
| Final Adjusted Offense Level: | **39** |

If the court now applies two Production Counts as prior instances, it would result in two Groups,

calculated as follows:

| | |
|---|---|
| Group 1(Counts 1 and 2): | **40** |
| Group 2 (Count 3): 40 not counted pursuant to 3D1.2(c) | 40 |
| Group 3 (Count 4): 40 not counted pursuant to 3D1.2(c) | 40 |
| Group 4 (Count 5): | **42** |
| Units added pursuant to 3D1.4(a) | +2 |
| | |
| Adjusted Total Offense level: | **44** |
| | -2 |
| | <u>-1</u> |
| Final Adjusted Offense Level: | **41** (324-405 months) |

Grouping in these two instances has the important judicial benefit of being based on charged

conduct admitted by the defendant, and included in the Change of Plea Memorandum. It avoids

the double counting.

The government urges a third approach from the sentencing hearing on June 16, 2015,

seeking to change the basis for the pattern of activity enhancement by adding the allegation in

Paragraph 26 of the Presentence Report as an instance exploitation along with Count 3, (Group

2, Production) counts order to create a pattern of activity. The Grouping would be:

| | | |
|---|---|---|
| Group 1 (Counts 1& 2) | 40 | |
| Group 3 (Count 4) | 40 | |
| Group 4 (Count 5&3) | 42 | |
| Units added pursuant to 3D1.4(a) | <u>+3</u> | |
| | 45 | |
| | <u>- 3</u> | |
| | 42 | 360-Life |

But for the language under USSG § 3D1.2 prohibiting grouping, the defendant's Adjusted Advisory Guideline range would be 39 or 235-293.[6] Requiring separation of offenses that would otherwise be combined due to the PROTECT legislation illustrates just one of the ways the advisory Sentencing Guidelines are skewed upward for these types of offenses.

## III. PROPER GROUPING UNDER § 3D1.2(d)

The Presentence Report grouped the Counts at pages 10-12 as follows:

Group 1: Counts 1 and 2 Conspiracy and Production

Group 2: Count 3 Production

Group 3: Count 4 Production

Group 4: Count 5 Distribution

In light of the court's prior rulings on the defense objection to applying the pattern of activity enhancement, the government's previous suggestion the Production counts be grouped with the Distribution count and the new bases for finding the pattern of activity, if the court finds paragraph 26 of the PSR meets the government's prima facie burden, the final Adjusted Offense Level would be 42. Otherwise, if the court relies on proven conduct upon which to base the enhancement, the final Adjusted Offense Level would be 41. If the court relies on the government's previous on-the-record assertions as to the basis for the enhancement under 2G2.2(b)(5), the Adjusted Offense Level is **39**.

---

[6] Group 1: 40
  Group 2: 37
40 + 2 = 42 -3 = 39

**III. Conclusion**:

Based on the court's findings during the prior sentencing hearing held June 16, 2015, the proper grouping under USSG § 3D1.4 leads to an advisory adjusted offense level of **39**.

Respectfully Submitted,

Heather J. Mattes
Attorney For Cori Merklinger